**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 03 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSHUA D. BRODSKY,<br><br>                Plaintiff - Appellant,<br><br>    v.<br><br>NEVEN, Warden; et al.,<br><br>                Defendants - Appellees. | No. 15-15009<br><br>D.C. No. 2:14-cv-01064-RFB-CWH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Submitted August 25, 2015[**]

Before:     McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

    Joshua D. Brodsky, a Nevada state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging that defendants

were deliberately indifferent to his serious medical needs.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo a dismissal under 28 U.S.C.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

§§ 1915A and 1915(e)(2)(B)(ii), *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order), and we affirm.

The district court properly dismissed Brodsky's action because Brodsky failed to allege facts sufficient to state a deliberate indifference claim. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to the prisoner's health; negligence and a mere difference in medical opinion are insufficient).

The district court did not abuse its discretion in denying Brodsky leave to amend because amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and noting that district court may dismiss without leave to amend when amendment would be futile).

Brodsky's "motion for appeal for reconsideration denial," filed on July 27, 2015, is denied.

**AFFIRMED.**